THIS OPINION IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. Box 1451
Alexandria, VA  22313-1451

Mailed:  August 24, 2009

Opposition No. 91184213

GALAXY METAL GEAR, INC.

v.

DIRECT ACCESS TECHNOLOGY, INC.

Cheryl Butler, Attorney, Trademark Trial and Appeal Board:

In accordance with the Board's order dated May 15, 2009, opposer's first testimony period closed on July 20, 2009.  This case now comes up on opposer's fully-briefed motion, filed July 14, 2009, to offer into evidence the discovery deposition of Momo Chen.[1]

In support of its motion, opposer indicates that Ms. Chen is a nonparty witness who is a citizen of Taiwan and resides outside the United States.  Opposer further indicates that Ms. Chen

---

[1] Also pending is opposer's July 20, 2009 request that the Board take judicial notice of dictionary definitions for the terms "equipment," "metal" and "gear."  Opposer's uncontested motion is accompanied by definitions of such terms from the online dictionary merriam-webster.com.  Inasmuch as the Board may take judicial notice of dictionary definitions, including online reference works which exist in print format or have regular fixed editions, opposer's request is granted.  *See, for example, Boston Red Sox Baseball Club LP v. Sherman,* 88 USPQ2d 1581, 1590 (TTAB 2008) (judicial notice taken of definition from the Merriam-Webster Online Dictionary).  *See also Syngenta Crop Protection, Inc. v. Bio-Chek LLC,* 90 USPQ2d 1112, 1117 (TTAB 2009); and *University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co.,* 213 USPQ 594 (TTAB 1982), *aff'd,* 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983).  *See also* Trademark Rule 2.127(a).

voluntarily agreed to make herself available in the United States for a discovery deposition that took place on November 13, 2008. Opposer states that it agreed to pay Ms. Chen's travel expenses from Taiwan to the United States; that, at the deposition, Ms. Chen confirmed her citizenship of and residency in Taiwan; and that Ms. Chen further stated she had no plans to return to the United States and only agreed to appear for a discovery deposition, not for a trial deposition. Opposer notes that applicant's counsel was present at and participated in the deposition. In view of these circumstances, opposer argues that Ms. Chen's discovery deposition may be offered into evidence in accordance with Trademark Rule 2.120(j). Opposer's motion is accompanied by a declaration from Ms. Chen, dated June 30, 2009, stating again, in part, that she is a resident of Taiwan with no current plans to travel to the United States for any purpose. Opposer's motion is also accompanied by a notice of reliance proposing to introduce the discovery deposition and a copy of the transcript of such deposition.

In response, applicant argues that opposer did not name Ms. Chen when it served its initial disclosures and did not supplement the initial disclosures to name her at a later time.[2] Applicant contends that minimal notice of Ms. Chen's discovery deposition was given, approximately fourteen days, resulting in

---

[2] The record reflects that Ms. Chen is named in opposer's pretrial disclosures.

applicant having no opportunity to conduct discovery regarding Ms. Chen prior to her deposition. Applicant states that the circumstances do not cause a problem insofar as the discovery aspect of the deposition. However, applicant argues that it is prejudiced by the attempted introduction of the discovery deposition at trial. Applicant points out that, as reflected in the deposition, opposer is Ms. Chen's customer and arranged for Ms. Chen to travel to the United States, including compensation of one week's salary. Applicant notes, too, that the arrangement appears to have been for a discovery deposition only and not to give testimony during trial. Thus, applicant contends, opposer should be deemed to control the witness in view of the business relationship and, further, Ms. Chen's apparent unwillingness to come to the United States for trial should be interpreted as a deliberate request by opposer for her not to travel to the United States. Applicant surmises that, because it has discovered documentary evidence to impeach Ms. Chen, opposer does not wish to subject Ms. Chen to further cross-examination. Applicant argues that, while opposer has shown Ms. Chen does not want to travel to the United States for trial, opposer has not shown that Ms. Chen refuses to submit to a deposition upon written questions, an available procedure that would provide an opportunity for the taking of Ms. Chen's trial deposition.

Applicant's response is supported by the declaration of its attorney introducing, among other things, a copy of opposer's initial disclosures.

In reply, opposer argues that applicant is not prejudiced by the introduction of the discovery deposition of Ms. Chen because, as the deposition transcript shows, applicant was well-prepared to question Ms. Chen. For example, opposer points out that applicant's attorney brought an e-mail from Ms. Chen's former co-worker, Gary Chen, and asked questions about Mr. Chen, the e-mail, and the subject matter discussed in the e-mail.[3] Opposer also argues that Ms. Chen is not "an unknown person" but a sales representative who formerly worked at a company named Datastor and who has had direct contact in such capacity with applicant's principal, Patrick Wang, as well as with Mr. Wang's wife, both of whom attended the deposition. Opposer contends that, contrary to applicant's assertions, it has little control over Ms. Chen, who specifically stated at her discovery deposition that she did not want to return to the United States for trial. Opposer contends that this was not its idea because it, too, would benefit by being able to take a trial deposition. Opposer argues further that it has no power to compel Ms. Chen to appear, or to secure her attendance, for any trial deposition.

Opposer's motion poses two related questions for determination: 1) whether Ms. Chen's discovery deposition is

---

[3] The record indicates that Gary Chen is not related to Momo Chen.

admissible at trial in view of opposer's failure to supplement its initial disclosures to identify her as a potential witness and 2) whether Ms. Chen's discovery deposition is admissible at trial under Trademark Rule 2.120(j)(2) in view of her status as a nonparty residing in a foreign country.

***The effect of the failure of opposer to supplement its initial disclosures on the admissibility of Ms. Chen's discovery deposition.***

*Inter partes* proceedings before the Board are governed, in part, by the Federal Rules of Civil Procedure, except as otherwise provided in the Trademark Rules of Practice, and "wherever applicable and appropriate." Trademark Rules 2.116(a) and 2.120(a)(1). A party must make its initial disclosures prior to seeking discovery. Trademark Rule 2.120(a)(3). Fed. R. Civ. P. 26(a)(1)(A)(i) requires parties to provide an initial disclosure identifying "each individual likely to have discoverable information - along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(e)(1)(A) requires parties to supplement their 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The Advisory Committee Notes to Rule 26(e) provide that there is "no

obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition…." This is not an invitation to hold back material items and disclose them at the last minute. Wright, Miller & Marcus, 8 Fed. Prac. & Pro. Civ. 2d § 2049.1 (2009). However, there is no need, as a matter of course, to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery, including the identity of the witness. *Id. See also Harding v. Cianbro Corp.,* 436 F.Supp.2d 153, 162-163 (D. Me. 2006) (an employer was not required to supplement its initial answers in order to indicate that a senior project manager had discoverable information, since the identity of, and material information relating to, the senior project manager had been made known to the employee's counsel during the course of discovery, including during the taking of depositions).

In this case, the better practice would have been for opposer to have supplemented its initial disclosures to include the identification of Ms. Chen prior to noticing the discovery deposition. Nonetheless, the discovery deposition took place and was adequately noticed.[4] Thus, the identity of Ms. Chen and the

---

[4] *See Sunrider Corp. v. Raats,* 83 USPQ2d 1648 (TTAB 2007) and *Gaudreau v. American Promotional Events, Inc.,* 82 USPQ2d 1692 (TTAB 2007) for a discussion of what constitutes adequate and reasonable notice for a deposition in Board proceedings.

information she was testifying to was made known to applicant during the discovery phase of the proceeding, which is the phase in which initial disclosures are first made and may be supplemented. Moreover, applicant's attorney, and at least one of its principals, attended the deposition and cross examined Ms. Chen. The deposition occurred with more than two months remaining in the discovery period. Thus, had applicant needed to obtain additional discovery about Ms. Chen, it had an opportunity to do so, albeit after the discovery deposition occurred.

Under the circumstances of this case, opposer's failure to supplement its initial disclosures to include Ms. Chen does not preclude the introduction of her discovery deposition at trial.

***The admissibility of Ms. Chen's deposition under Trademark Rule 2.120(j).***

Trademark Rule 2.120(j)(2) provides in relevant part as follows:

> … the discovery deposition of a witness, whether or not a party, shall not be offered in evidence unless the person whose deposition was taken is, during the testimony period of the party offering the deposition … out of the United States (unless it appears that the absence of the witness was procured by the party offering the deposition); … or cannot be served with a subpoena to compel attendance at a testimonial deposition.

Trademark Rule 2.120(j)(3)(i) allows for the introduction of such a deposition by way of a notice of reliance. However, before filing the notice of reliance, the parties must have stipulated to introduction of the deposition, or the offering party must make a motion for leave to file the deposition at the

7

time the deposition is offered into evidence, and such motion must be granted by the Board.  Trademark Rule 2.120(j)(2).

Ms. Chen is out of the United States.  Although applicant suggests her absence for trial was procured by opposer, in view of Ms. Chen's status as a Taiwanese citizen who resides in Taiwan, there is no clear evidence that her unavailability for a trial deposition is the result of pre-arranged circumstances to avoid her appearance for trial.  Moreover, Ms. Chen's statements during the discovery deposition ought to have made it clear to applicant that Ms. Chen did not plan to be in the United States during the trial phase of this proceeding.  Had applicant chosen to do so, it could have inquired into Ms. Chen's motivation in consenting to appear for a discovery deposition but refusing to return for a testimony deposition.  In short, while applicant apparently has concluded that opposer has procured an agreement by Ms. Chen to stay out of the country during trial, it appears just as likely that opposer merely procured an agreement by Ms. Chen to travel to the United States for a discovery deposition when she otherwise would not have been in the country for either discovery or trial.  Applicant has pointed to no evidence that Ms. Chen would have been willing to return to the United States for trial but for intervention by opposer.  Trademark Rule 2.120(j)(2) only bars a party from introducing a discovery deposition at trial when the party has caused the witness to be

absent during trial, not when the party was able to secure the witness for discovery but not for trial.

Where a party seeks to take the deposition of a nonparty, and such witness is not willing to appear voluntarily, and where the witness is present in the United States, the party seeking the deposition must secure the attendance of the witness by subpoena. *See* TBMP §703.01(f)(2) (2d ed. rev. 2004). However, where the nonparty witness resides in a foreign country, the party seeking to take the deposition may not be able to do so. *See* TBMP §703.01(f)(1) (2d ed. rev. 2004). This is because there is no certain procedure for obtaining the trial testimony deposition of a nonparty who resides in a foreign country and is not willing to appear voluntarily, whether the deposition sought is intended to be taken orally or upon written questions.[5] *See* TBMP §703.01(f)(3) (2d ed. rev. 2004).

In this case, Ms. Chen, a nonparty residing in a foreign country, clearly is not willing to appear voluntarily for a trial deposition and her attendance cannot be compelled. Accordingly, opposer's motion for leave to enter her discovery deposition as trial testimony is granted and opposer's notice of reliance

---

[5] The letters rogatory procedure or The Hague Convention letter of request procedure may provide an opportunity to obtain the deposition. *See* TBMP §703.01(f)(3) (2d ed. rev. 2004). The procedures are cumbersome and not necessarily effective. *See Double J of Broward, Inc. v. Skalony Sportswear GmbH,* 21 USPQ2d 1609, 1612 (TTAB 1991). The letters rogatory procedure has been characterized as "relatively uncertain and onerous." *See Jain v. Ramparts, Inc.,* 49 USPQ2d 1429, 1431 (TTAB 1998).

offering such deposition is accepted.  Trademark Rules 2.120(j)(2) and (3)(i).

Applicant indicates it has documentary evidence it believes will impeach Ms. Chen's testimony.  In order to minimize any prejudice to applicant, applicant should consider whether such documentary evidence may be introduced during applicant's testimony period either by a notice of reliance if the documents are of a type that can be introduced by such a notice, or through the testimony of an individual able to testify competently as to the nature and source of the documents.  Such evidence should be clearly introduced as being offered for the purpose of impeachment.

Proceedings are now resumed.  Opposer's testimony period for its case in chief has closed.  Remaining, operative dates are reset as follows:

| | |
|---|---|
| Defendant's Pretrial Disclosures are due | **9/23/2009** |
| Defendant's 30-day Testimony Period Ends | **11/7/2009** |
| Plaintiff's Rebuttal Disclosures are due | **11/22/2009** |
| Plaintiff's 15-day Rebuttal Testimony Period Ends | **12/22/2009** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.l28(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

☼☼☼